**UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Paul and Andriana McKenna, | : | Case No. 21-11410 (PMM) |
| | : | |
| Debtors. | : | |
| | : | |

**Debtor's Objection to the Application to Employ RE/MAX Real Estate as Broker Pursuant to 11 U.S.C. Section 327 and Fed. R. Bankr. P. 2014**

Debtors file the forgoing Objection to the Application of the Trustee and aver as follows:

**Jurisdiction**

1. Admitted.

2. Admitted.

3. Admitted.

**Background**

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

**Proposed Employment of Broker**

8. Denied as a conclusion of law to which a response is not necessary.

9. Admitted.

10. Denied generally as debtors do not have sufficient information to admit or deny.

11. Denied as a conclusion of law to which a response is not necessary.

## Relief Requested

12. Denied as a conclusion of law to which a response is not necessary. Notwithstanding, the subject property is protected by the applicable laws related to tenancy by the entirety and exempt from unsecured creditors.  Here, Debtors have no joint debt other than secured claims.  Although Schedule F shows joint debt, the debtors were only authorized users. Multiple credit reporting agencies confirm that there is no joint debt.  The Claims Register shows that filed unsecured, proofs of claim are not joint debts. For example, Schedule F shows Citibank/Home Depot, account 5856 as a joint debt. See Docket 1, Schedule F 4.17.  However, the proof of claim filed by creditor only lists Andriana as the account holder.  See Proof of Claim 6 attached hereto as Exhibit "A".   Citibank, account 8740, listed as a joint debt (see Schedule F 4.14) failed to file a timely POC in the chapter 13 case. Nevertheless, Debtors' credit report lists the debt as only Paul's. See page 7 of Debtors' joint credit report attached hereto as Exhibit "B".  Therefore, the subject home must be abandoned by the trustee, because it is not property of the estate.  Appropriate schedules will be filed under FRCP 1007.

Alternately, the post-petition, pre-conversion equity is not property of the estate regardless of Schedule C exemptions. See 11 USC 348(f); In re Bobroff, 766 F.2d 797 (3d Cir. 1985) (post-petition personal injury claims were not part of the converted Chapter 7 estate, recognizing Congress's intent to protect post-petition acquisitions, later codified as 11 USC 348(f)). See also, In re Barrera, 22 F.4th 1217 (10th Cir. 2022)(post-petition equity in home not part of the converted chapter 7 estate); In re Hodges, 518 B.R. 445, 451 (E.D. Tenn. 2014) (same). There have been no

allegations that Debtors' converted in bad faith. Therefore, the trustee must abandon the estate as there is nothing to administer. Therefore, the property should not be marketed or sold and the application to employ is not necessary.

13. Denied generally as debtors do not have sufficient information to admit or deny.

14. Denied generally as the code section speaks for itself.

15. Denied generally as the code section speaks for itself.

16. Denied generally as the code section speaks for itself.

17. Denied as a conclusion of law to which a response is not necessary. Notwithstanding, debtors incorporate their response to paragraph No. 12. Moreover, the application does not state any grounds for why employment is necessary or best interest of debtors' estate.

18. Denied as a conclusion of law to which a response is not necessary. Notwithstanding, debtors incorporate their response to paragraph No. 12 and 17. Moreover, the application does not state any grounds for why employment is necessary or best interest of debtors' estate.

WHEREFORE, the Debtors respectfully request that the Court denies the Trustee's Application and enter the proposed order and for further relief as this Honorable Court deems just.

2/12/25

Respectfully Submitted,
/s/ Michelle Lee
Michelle Lee, Esquire
Dilworth Paxson
1650 Market Street, Suite 1200
Philadelphia, PA 19103